## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHWESTERN DIVISION

| | |
|---|---|
| North Dakota Developments, LLC, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Cascata Homes, LLC, Cascata Homes ) | |
| Holdings, LLC, Chris Cuzalina, J Chris ) | |
| Quinn and Phillip Watson, ) | Case No. 4:14-cv-151 |
| ) | |
| Defendants. ) | |

On May 7, 2015, Defendant Cascata Homes, LLC filed a "Suggestion of Bankruptcy." See Docket No. 34.[1] It requests that further legal proceedings against it be stayed pursuant to 11 U.S.C. § 362.

Section 362(a)(1) "provides that upon the filing of a bankruptcy petition, all judicial and other proceedings are stayed." Missouri v. U.S. Bankruptcy Court for E.D. of Arkansas, 647 F.2d 768, 775 (8th Cir. 1981). A § 362 stay applies only to bar proceeding against the debtor. See Fortier v. Dona Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. 1984); see also Croyden Assoc. v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in unusual circumstances." Croyden Assoc., 969 F.2d at 677 (quoting A.H. Robbins Co., v. Picinin, 788 F.2d 994, 999 (4th Cir.), *cert denied*, 479 U.S. 876 (1986)); see also Okla. Federated Gold and Numismatics, Inc. v. Blodgett, 24 F.3d 136, 141 (10th Cir. 1994) ("A narrow exception allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in unusual situations as when there is such identity between the debtor and the third-party

---

[1] Defendant Cascata Homes, LLC is a Texas liability company engaged in the manufacturing of modular homes. Its principle place of business is located in Nebraska. Defendants Cascata Homes Holdings, LLC ("Cascada Holdings") is a Texas limited liability holding company and member of Cascata Homes, LLC. Defendants Chris Cuzalina ("Cuzalina") and J Chris Quinn ("Quinn") are Texas residents and members of Cascata Holdings. Defendant Phillip Watson is a resident of Tennessee and was responsible for the operations of the Cascata Homes' manufacturing facility.

1

defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (internal quotation marks omitted)); In re North Star Contracting Corp., 125 B.R. 368, 370 (S.D.N.Y. 1991) ("[S]ome courts have recognized that in circumstances where the debtor and the non-bankrupt party can be considered one entity or as having a unitary interest, a section 362(a)(1) stay may suspend an action against a non-bankrupt party....In addition, courts have recently extended 11 U.S.C. § 362 to include certain types of actions by or against non-debtors when such actions have a significant impact on the bankrupt.") Robert W. Thomas and Anne McDonald Thomas Revocable Trust v. Inland Pacific Colorado, LLC, et. al., No. 11-cv-03333, 2013 WL 708493, at *2 (D. Colo. Feb. 26, 2013) (staying a case as to a debtor and its solvent co-defendants pursuant to § 362).

Cascata Homes, LLC filed a Chapter 11 bankruptcy petition on April 2, 2015, with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Consequently, this matter is **STAYED** as to Cascada Homes, LLC. Further, upon review of the complaint and other motion papers that have been filed, the court concludes that the particular circumstances of this case warrant an extension of the stay to all defendants. Accordingly, absent a showing of good cause of why this case should not stayed in its entirety, the court *sua sponte* stays the proceedings as to the remaining defendants. Plaintiff can seek to lift the stay by filing a motion demonstrating that the stay should be lifted as to the nonbankrupt defendants.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court